IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
DEC 22 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY ________ DEP. CLK

Civil Action No. 5:05 - CV – 721 – BO (3)

| | |
|---|---|
| RALEIGH RESOLUTION, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG M. DAVIS,<br><br>Defendant and Third Party Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. CLEMENTE and GREGORY BENSON,<br><br>Third Party Defendants. | **THIRD PARTY COMPLAINT** |

Defendant/third-party Plaintiff Craig M. Davis ("Davis") complaining of third party defendants Christopher D. Clemente and Gregory Benson, alleges and says:

1. Third party plaintiff is a citizen and resident of Wake County, North Carolina.

2. Third party defendant Christopher Clemente ("Clemente") is a citizen and resident of the Commonwealth of Virginia.

3. Third party defendant Gregory Benson ("Benson") is a citizen and resident of the Commonwealth of Virginia.

4. Davis seeks a judgment against third party defendants in an amount in excess of $75,000.00 exclusive of interest and costs.

5. This civil action is between the third party plaintiff, a resident of North Carolina, and the third party defendants, residents of Virginia. Thus, diversity is complete.

6. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 and this is a proper venue.

7. On or about June 3, 2002, Northshore LLC, a Virginia limited liability company ("Northshore") closed a transaction ("the Transaction") through which it borrowed funds from RBC Mortgage Corporation ("RBC").

8. Northshore is owned equally by Comstock Service Corp., Inc. ("Comstock") and Raleigh Properties Group, LLC, ("Raleigh Properties"). However, Comstock is the managing member.

9. Craig Davis is the principal owner and manager of Raleigh Properties. The controlling parties of Comstock are third party defendants Clemente (its CEO) and Benson (its COO).

10. As part of the Transaction, Northshore executed two promissory notes (collectively "the Notes") in which it promised to pay RBC the cumulative principal amount of $10,900,000.00, or such lesser amount as may be outstanding from time to time. The maximum principal liability under the Notes was later amended to total $14,700,000.00.

11. The Transaction partially funded a project consisting of 15 acres to be developed by Northshore as 358 townhomes and condominiums located on North Carolina State University's ("NCSU") Centennial Campus in Wake County, North Carolina.

12. On information and belief, RBC required third party defendants Clemente and Benson to sign a guaranty agreement of the Notes as a condition to closing the Transaction. In turn, Clemente and Benson asked Davis to sign the guaranty, even though Clemente and Benson through Comstock were responsible for the development of the project and Davis was not.

13. Documents were prepared by RBC and its counsel, and were reviewed by Bankert & Associates, P.C. for Comstock. Davis' counsel did not review the loan documents.

14. Due in part to the failure of Comstock to properly manage and market the project, the project has not met expectations. As a result, Northshore is in default in its obligations under the RBC Note.

15. Davis on the one side and Clemente and Benson, on the other, have been in negotiations concerning how to restructure the project, its management and marketing, as well as restructuring the operating entity.

16. Clemente and Benson want to hold Davis responsible for, what is in their view, NCSU's inability to fully develop amenities and NCSU's unwillingness to grant concessions in the scope and of the nature demanded by Clemente and Benson.

17. Davis is informed and believes that Clemente and Benson developed a scheme to purchase the RBC Note and to call on Davis alone to honor the guaranty for which all three are jointly liable in order to pressure Davis into making accommodations to Clemente and Benson; such as obtaining guaranteed purchases by NCSU, other concessions by NCSU, or to buy Comstock out of the project at an elevated price.

18. On or about December 1, 2005, Davis offered to pay his pro-rata share so that he, Clemente and Benson could purchase the RBC obligation from Raleigh Resolution. A copy of his letter is attached hereto. Davis followed up with a telephone call and e-mail on or about December 8.

19. To date, Clemente and Benson have failed and refused to respond to Davis' offer.

20. Davis entered into the guaranty along with Clemente and Benson in reliance on their good faith and fair dealing, and on the trust and confidence that he reposed in them in the conduct of the project.

21. The circumstances described herein, including the purchase by Clemente and Benson of the RBC Note through an entity they control, and the demand on Davis alone to make good on their joint guaranty, constitute an inequitable assertion of power in violation of G.S. § 75-1.1

22. Davis has been damaged as a proximate result of this scheme in an amount in excess of $10,000.00 in that he stands to pay the full amount of the guarantee; plus damage to his reputation as a developer and to his credit standing.

WHEREFORE, Davis prays that:

1. He have and recover of the Defendants jointly and severally, an amount to be proved, but in excess of $75,000.00.

2. That he have and recover of the Defendants his attorney's fees.

3. That he recover the costs of this action.

4. That he have such other and further relief as the Court deems just and proper. Davis demands a trial by jury of all issues so triable.

Respectfully submitted, this the 22d day of December, 2005.

EVERETT, GASKINS, HANCOCK & STEVENS, LLP


E.D. Gaskins, Jr.
N.C. State Bar No. 1606
Ashley N. Matlock
N.C. State Bar No. 27959
Attorneys for Craig Davis
P.O. Box 911
Raleigh, NC 27602
(919) 755-0025

Craig Davis Properties

Real Estate . . . We Make the Difference

December 1, 2005

Mr. Christopher Clemente
11465 Sunset Hills Road, No. 510
Reston, VA 20190

Mr. Gregory V. Benson
11465 Sunset Hills Road, No. 510
Reston, VA 20190

Re: Raleigh Resolution Note

Dear Chris and Greg:

I am disappointed that our inability to resolve the North Shore matter has led you to cause Raleigh Resolution to file a suit against me personally. My belief is that you wish to use the lawsuit as leverage against me to cause N.C. State to grant concessions which they are not willing to grant or to buy you out at price which is unrealistic and does not take into account your responsibility for the failure of the North Shore project to reach the success that we anticipated. Nevertheless, I hope that we can reach an understanding that will be agreeable to all of us and I will continue to work with you to try to achieve that.

I really do think it is unfair for the two of you to purchase the RBC Note in the name of Raleigh Resolution and then to call on me alone to pay it all. We went into this together. All three of us are co-guarantors on the note and I just don't think it's fair that you would ask me to pay it all. It seems to me that each of us should pay 1/3 of the Raleigh Resolution note. Then the three of us can then decide what to do with North Shore.

My lawyers tell me that I have to answer the Raleigh Resolution complaint next week. Therefore, I'd appreciate you getting back to me right away on this proposal.

Sincerely yours,

Craig M. Davis

Craig M. Davis

940 NW Cary Parkway
Suite 101
Cary, NC 27513

Telephone 919.678.4301
Fax 919.678.0801

www.craigdavisproperties.com

C:\Craig Davis\NCSU\NorthShore\12-01-05 Northshore Letter to Clemente.doc

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing Third Party Complaint was served this day upon counsel of record and the defendants by mail to:

Walter L. Tippett, Jr., Esq.
Post Office Box 31507
Raleigh, NC 27622-1507

This the 22d day of December, 2005.

E.D. Gaskins, Jr.

J:\Davis, Craig\Pleadings\Third party complaint.doc